UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY GIRALDO,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. CV 05-8944 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2-3]. Plaintiff filed an application for benefits on July 28, 2003. [JS 2]. Administrative Law Judge Richard L. Leopold (the "ALJ") denied plaintiff's application in a written hearing decision dated January 28, 2005. [JS 2]. He found that plaintiff had severe impairments consisting of a "history of anterior cruciate ligament repair in both knees," but that plaintiff's impairments did not preclude him from performing a significant range of light work.

The ALJ concluded that plaintiff was not disabled because he could perform work that exists in significant numbers in the national economy. [JS 3]. The Appeals Council denied plaintiff's request for review of that decision. [JS 3].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

Plaintiff contends that the ALJ did not properly evaluate plaintiff's subjective symptom testimony.

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so.

1  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885
2  (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective
3  testimony of claimant without providing "clear and convincing reasons").  The ALJ's credibility
4  findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected
5  the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's
6  testimony." Moisa, 367 F.3d at 885.  If the ALJ's assessment of the claimant's testimony is
7  reasonable and is supported by substantial evidence, it is not the court's role to "second-guess"
8  it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

9       In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence
10 presented," including the following factors:  (1) the claimant's daily activities; (2) the location,
11 duration, frequency, and intensity of pain and other symptoms; (3) precipitating and
12 aggravating factors, such as movement, activity, and environmental conditions; (4) the type,
13 dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than
14 medication, for relief of pain or other symptoms; (6) any other measures used by the claimant
15 to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional
16 restrictions due to such symptoms.  See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also
17 Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's
18 policy regarding the evaluation of pain and other symptoms).  The ALJ also may employ
19 "ordinary techniques of credibility evaluation," considering such factors as (8) the claimant's
20 reputation for truthfulness; (9) inconsistencies within the claimant's testimony, or between the
21 claimant's testimony and the claimant's conduct; (10) a lack of candor by the claimant
22 regarding matters other than the claimant's subjective symptoms; (11) the claimant's work
23 record; and (12) information from physicians, relatives, or friends concerning the nature,
24 severity, and effect of the claimant's symptoms.  See Light v. Social Sec. Admin., 119 F.3d 789,
25 792 (9th Cir. 1997); Fair, 885 F.2d at 604 n.5.

26      Defendant argues that plaintiff is merely criticizing "the succinct manner in which the
27 ALJ referred to the evidence," and that "the ALJ's writing style is not grounds for reversal." [JS
28 9].  The problem, however, goes deeper than the ALJ's writing style.  The ALJ explained his

1 rationale for weighing the medical evidence and medical opinions as he did. [Administrative
2 Record ("AR") 18]. The ALJ also enunciated the correct standard for evaluating the credibility
3 of a claimant's subjective complaints [AR 18-19], but he did not adequately apply that standard
4 to the evidence in this case. The only reason clearly articulated by the ALJ for rejecting the
5 alleged severity of plaintiff's knee and back symptoms was plaintiff's ability to "live alone and
6 ... take care of his basic daily needs (such as some housework and shopping), and also cares for
7 his pets." [AR 19]. Plaintiff's daily activities are one factor the ALJ may consider, but the ALJ
8 simply did not go far enough in considering other aspects of the record that bear on plaintiff's
9 credibility. For example, the ALJ did not comment on the nature or extent of plaintiff's post-
10 surgical treatment history or pain relief measures, even though those factors plainly are relevant
11 to assessing the credibility of plaintiff's subjective symptoms.

12 Defendant argues that plaintiff merely testified that he had "discomfort" in his knees,
13 suggesting that plaintiff did not allege that his symptoms and limitations were of disabling
14 severity. That is not entirely accurate. Plaintiff testified that he was "uncomfortable" while
15 sitting during the hearing, and that during a regular day his knees were "[j]ust uncomfortable."
16 [AR 213-214]. However, he also testified that his back hurt during the hearing [AR 213], and
17 that he suffered from pain, weakness, "popping," tightness, and subjective limitations involving
18 his legs and back which, if credited, might be found disabling. [AR 211-216]. While the ALJ
19 may rely on inconsistencies in a claimant's subjective testimony or discrepancies between that
20 testimony and other evidence, he or she must do so explicitly. Contrary to defendant's
21 argument, it is not enough for the ALJ to make oblique references to evidence which, upon
22 closer scrutiny, might furnish an acceptable basis for discounting or rejecting a claimant's
23 subjective complaints. The ALJ's job is to articulate specific, convincing reasons for his or her
24 credibility finding so that a reviewing court can ensure that the ALJ rejected a claimant's
25 subjective complaints on "permissible grounds." Moisa, 367 F.3d at 885. The ALJ did not
26 comply with that standard in this case.

27 **Remedy**

28 In general, the choice whether to reverse and remand for further administrative

4

proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa, 367 F.3d at 886 (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

///
///
///

5

For purposes of applying the Harman test, the court has discretion not to require the "crediting as true" of evidence rejected for insufficient reasons. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003)(holding that a court has discretion not to require the "crediting as true" of testimony rejected for insufficient reasons); Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003)(applying the Harman remand test to hold that while the ALJ did not properly reject the claimant's subjective complaints and lay witness testimony, several "outstanding issues" remain to be resolved on remand, including whether the ALJ "must credit [the] testimony as true" and whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record).

In this case, it is not clear that the ALJ would be required to find plaintiff disabled with the limitations supported by the record. Accordingly, defendant's decision is **reversed**, and the case is **remanded** for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: August 16, 2006

_____/s/_____
ANDREW J. WISTRICH
United States Magistrate Judge